O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>TD AMERITRADE HOLDING CORPORAITON, a Delaware corporation; TD AMERITRADE SERVICES COMPANY, INC., a Delaware corporation; HAVAS WORLDWIDE NEW YORK, INC., a Delaware corporation,<br><br>  Defendants. | Case No. CV 15-05024 DDP (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO FILE RESPONSE TO COMPLAINT**<br><br>[Dkt. No. 14.] |

   On June 26, 2015, Defendants filed a declaratory judgment action in the United States District Court for the Southern District of New York. (Ex Parte Appl. at 4.) On July 2, 2015, Plaintiff filed a complaint in the United States District Court for the Central District of California. (Id at 5.) In response to the complaint in the New York case, Plaintiff's attorney's filed a motion to dismiss, or in the alternative, to transfer venue to Central District of California. (Id.) Defendants filed an amended

complaint, and Plaintiff renewed the motion to dismiss during a conference in the Southern District of New York with District Judge Katherine B. Forrest on July 29, 2015. (Id.) Judge Forrest has told the parties she will deliver a ruling on the plaintiff's motion by September 21, 2015. (Id.) Defendant filed an ex parte application with this Court to extend the time to respond to Plaintiff's California complaint to 14 days after Judge Forrest rules on the pending motion to dismiss. (Id at 6.)

Pursuant to Local Rule 7.19, the attorney making the ex parte application must make a reasonable, good faith effort to notify all other parties of the date and substance, if known, of the ex parte application, and must also advise the court of efforts to contact other counsel and whether other counsel opposes the application. Here, although they did not end up communicating directly, Defendant's attorney made reasonable efforts to contact plaintiff's counsel regarding the subject of an extension and notified the Court of counsel's opposition. (Appl. at 6.)

Because the content of Defendants' answer or other response to the complaint will presumably mirror or incorporate the arguments currently before the New York court if that case is dismissed or transferred here, it is logical to wait until after that court rules on Plaintiff's motion before requiring a responsive pleading here. Defendants must submit their responsive filing no later than 14 days after the date of the order ruling on the pending motion to dismiss in the Southern District of New York case.

IT IS SO ORDERED.

Dated: August 21, 2015

DEAN D. PREGERSON
United States District Judge

2