UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TD AMERITRADE SERVICES COMPANY, INC. a Delaware corporation, TD AMERITRADE, INC., a New York corporation, AMERIVEST INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, HAVAS WORLDWIDE NEW YORK, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 15-CV-05024-DDP-E<br><br>The Hon. Dean D. Pregerson<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and among, on the one hand, plaintiff Lions Gate Entertainment Inc. ("Lions Gate"), on the one hand, and defendants Havas Worldwide New York, Inc., TD Ameritrade Services Company, Inc., TD Ameritrade, Inc., and Amerivest Investment Management, LLC (collectively, "Defendants"), on the other hand, through the parties' respective counsel of record, that discovery in, and litigation of, this action and any further actions among these parties may involve requests for the production

of information and documents that the responding parties consider to be confidential, proprietary or competitively sensitive. The parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive information and documents is necessary and appropriate to facilitate discovery and litigation in this action. The parties also believe that such an order is necessary and appropriate to enable the parties to conduct discovery of non-parties that may have similar concerns regarding their confidential, proprietary or competitively sensitive information and documents. The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested person with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Confidential-Counsel Only" (referred to herein as "Counsel Only") Information designated as either "Confidential" or "Confidential-Counsel Only" is referred to collectively herein as "Protected Information." As a general guideline, any information that is publicly available should not be designated as Protected Information.

2. Information or documents may be designated "<u>Confidential</u>" when the disclosing party or non-party believes in good faith that it contains or reflects non-public business or personal information of a sensitive, confidential, proprietary, technical, or private nature, including without limitation the following:

    (a) material previously nondisclosed to the public relating to ownership or

control of any non-public company;

  (b)   business plans, product development information, or marketing plans previously nondisclosed to the public;

  (c)   any information of a personal or intimate nature regarding any individual; and

  (d)   any other category of information herein after given "Confidential" status by the Court.

  2.   Information or documents designated "Confidential-Counsel Only" shall be limited to information or documents that the disclosing party or non-party believes in good faith contains or reflects trade secrets, sensitive personally identifiable information, information that is designated by regulation to require notification in the event of an unauthorized access, marketing plans or strategies, market surveys, business plans, pricing plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, manufacturing processes, manufacturing drawings, employee files, research and development or merchandising of products and technical matters not yet released or sold, financial information or projections, including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sales margins, budgets, net worth, identity of shareholders, or other documents relating to total revenue earned, and asset information that is not public knowledge.

  3.   Protected Information may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order.

  4.   Any party or non-party wishing to come within the provisions of this Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the

-4-

time the documents are produced.  Each page of the document must be marked "Confidential" or "Counsel Only" by the producing party, and any confidential documents exchanged prior to this Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page.  It is the intent of the parties that each document previously designated as Protected Information and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Protective Order.  Protected Information that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5. In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner (*i.e.,* either on the record during the deposition or within fifteen (15) days of receipt of the transcript) and designate the level of restriction.  During the deposition, parties shall be excluded from testimony designated "Counsel Only."  The witness under deposition or his counsel shall have the right, within fifteen (15) calendar days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof.  For depositions containing some Protected Information and some non- Protected Information, a separate confidential transcript marked "Confidential Information Governed by Protective Order", apart from the usual transcript, shall be prepared by the court reporter.  Counsel for the party asserting that certain documents or testimony is Protected Information shall endeavor to characterize the level of confidentiality for the confidential material or testimony during the deposition.

6. Any documents, discovery responses or deposition transcripts stamped or marked "Counsel Only," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked

as "Counsel Only" may be made available only to:

    (a)    Attorneys of record for the receiving party and employees of such attorneys;

    (b)    In-house counsel who have supervisory responsibility for the case;

    (c)    Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    (d)    Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert, provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit A**;

    (e)    Court reporters and their staff that are required to transcribe testimony; and

    (f)    Outside litigation support vendors, including commercial photocopying vendors, data processing and hosting vendors, scanning services vendors, coders and keyboard operators provided such vendors have first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit A**.

    (g)    Any person who is identified on the face of any designated "Counsel Only" material as an author or recipient thereof; and

    (h)    Any person who is determined to have been an author and/or previous recipient of "Counsel Only" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Counsel Only" designated material by such person.

Notwithstanding the provisions of Paragraph 6, specifically identified information, documents, testimony, or other confidential materials marked "Counsel Only" may be disclosed to upper management and in-house counsel that does not have supervisory responsibility for the case of the receiving party on a need

to know basis. The parties recognize that the disclosure of such confidential material to certain in-house counsel and upper management of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

7. Any documents, discovery responses or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

(a) Representatives of the parties to this action on a need to know basis, and with respect to discovery designated as "Confidential" that was produced by a non-party, also to such non-party;

(b) Attorneys of record for the receiving party and employees of such attorneys, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c) Judges, law clerks and other personnel of the Court before which this proceeding is pending;

(d) Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert, provided that such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit A**;

(e) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, and who the receiving party identifies to the producing party seven (7) calendar days prior to disclosure to such witness, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as **Exhibit A.**

(f) Court reporters and their staff that are required to transcribe

testimony;

(g) Outside litigation support vendors, including commercial photocopying vendors, digital processing and hosting vendors, scanning services vendors, coders and keyboard operators, provided such vendors have first executed the Non-Disclosure Agreement in the form annexed hereto as **Exhibit A**;

(h) Any person who is identified on the face of any designated "Confidential" material as an author or recipient thereof; and

(i) Any person who is determined to have been an author and/or previous recipient of "Confidential" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Confidential" designated material by such person;

(j) Any other person whom the producing person, or other person designating the material "Confidential," agrees in writing may have access to such discovery material.

8. Written notice of intention to Protected Information to experts pursuant to Paragraphs 6(d) and 7(d) shall be provided by facsimile or email seven calendar days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer. If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution. The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraph 6(d) and 7(d). The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert. The parties further agree that an expert whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless

the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

9. For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

10. Each person identified in Paragraphs 6(a), 6(d), 6(f), 7(a), 7(d), 7(e), or 7(g) permitted by the parties or their counsel to have access to Protected Information under the terms of this Protective Order shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving this Protective Order, each person shall sign a statement in the form of **Exhibit A** hereto indicating that he has read the Protective Order and agrees to comply with its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. The restrictions set forth in this Protective Order shall not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its

1  employees, or its agents that would be in violation of this Protective Order.

2        12. If, in connection with this action, a producing party inadvertently discloses information subject to a claim of attorney-client privilege, work product immunity, or any other protection provided under the law ("Inadvertently Disclosed Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product immunity, or any other protection that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party with respect to Inadvertently Disclosed Privileged Information, the receiving party: (a) will, within seven (7) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed; and (b) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified by the producing party. Within seven (7) business days of the notification that such Inadvertently Disclosed Privileged Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Privileged Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Privileged Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Privileged Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Privileged Information.

26        13. Any document or evidence that is designated as Protected Information and that a party wishes to file with the Court shall be presented to the Court along

with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5. Any other party shall be permitted to file a supporting or supplemental brief within four (4) business days of the initial motion for filing under seal being filed. All papers and filings with the Court that refer or rely upon any document or evidence filed under seal shall designate the particular aspects that are confidential. The parties will use their best efforts to minimize such sealing.

14. If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as Privileged Information or believes that it is necessary to disclose Privileged Information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons. In that event, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.

15. In the event that a party is served with a discovery request, subpoena, or order by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, that seeks to compel production of Protected Information, the party upon whom the discovery request, subpoena, or order is served shall give written notice of the discovery request, subpoena, or order to the party that has

asserted that the information or documents subject to the subpoena are Protected Information. The written notice required by this paragraph shall be given no later than ten calendar days after receipt of the discovery request, subpoena, or order or before the production date fixed by the applicable discovery rule, subpoena, or order, whichever is earlier. The party who designated the subject information or documents as Protected Information shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the discovery request, subpoena, or order was served shall not produce the subject information or documents requested in the discovery request, subpoena, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the discovery request, subpoena, or order was served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date fixed by the applicable discovery rule, subpoena, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the discovery request, subpoena, or order was served may comply with the same without being deemed to have violated this Protective Order.

16. Each person who has access to discovery material that has been designated as "Confidential" or "Counsel Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. The Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

17. In the event that this case proceeds to trial, all information or documents offered at trial that are designated as "Confidential" or "Counsel Only"

will become public and presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise. The Court also retains discretion whether or not to afford confidential treatment to any information or documents designated as "Confidential" or "Counsel Only" submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

18. Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall within 30 days of final disposition: (a) assemble and return all Protected Information, including copies, to the person(s) and entity(ies) from whom the material was obtained; or (b) destroy all Protected Information and provide the other party with written certification that such destruction was made. The attorney of record may retain one copy of designated materials containing attorney work product information, taking appropriate precautions to keep the Protected Information confidential; all other copies must be destroyed.

19. In the event any party discloses material containing Protected Information, but that such party inadvertently did not designate as "Confidential" or " Counsel Only," the receiving party agrees, upon request by the disclosing party, to return the un-designated material promptly, for reproduction by the disclosing party with the appropriate confidentiality, or to mark the material directly with the confidentiality designation requested by the disclosing party. Such designated portion(s) of the discovery material will thereafter be treated as "Confidential" under the terms of this Order.

20. This Protective Order shall not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

21. This Protective Order shall survive termination of the litigation.

1 | During the pendency of this case only, this Court shall retain jurisdiction over all
2 | persons subject to this Order to the extent necessary to enforce any obligations
3 | arising hereunder or to impose sanctions for any contempt thereof.
4 |     SO ORDERED.
5 |
6 | Dated:    Los Angeles, California
7 |     <u>March 7</u>, 2016

HON. ~~DEAN D. PREGERSON~~
~~UNITED STATES DISTRICT JUDGE~~
Charles F. Eick
United States Magistrate Judge

-14-

1  [Proposed] Order respectfully submitted by:
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3
4                                          By
5  Dated: March 7, 2016                       /s/ Jill M. Pietrini
                                              JILL M. PIETRINI
6                                             Attorneys for Plaintiff
7  OLSHAN FROME WOLOSKY LLP
8
                                            By
9  Dated: March 7, 2016                       /s/ Kyle C. Bisceglie
                                              KYLE C. BISCEGLIE
10
                                              Attorneys for Defendants
11
12 CHRISTA & JACKSON
13
                                            By
14 Dated: March 7, 2016                       /s/ Laura K. Christa
                                              LAURA K. CHRISTA
15
                                              Attorneys for Defendants
16
17
18
19
20
21
22
23
24
25
26
27
28

-15-

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TD AMERITRADE SERVICES COMPANY, INC. a Delaware corporation, TD AMERITRADE, INC., a New York corporation, AMERIVEST INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, HAVAS WORLDWIDE NEW YORK, INC., a Delaware corporation and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 15-CV-05024-DDP-E<br><br>The Hon. Dean D. Pregerson<br><br>**NON DISCLOSURE AGREEMENT** |

1.   I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Counsel Only" within the terms of the Protective Order entered in the U.S. District Court for the Central District of California in the case entitled *Lions Gate Entertainment Inc. v. TD Ameritrade Holding Corp. et al.*, Case No. 15-CV-05024-DDP-E.

2.   I have read the aforementioned Protective Order, and agree to be bound by it. I agree that I will not disclose any such "Confidential" or "Counsel Only" information to anyone other than for purposes of this litigation and as permitted under the Protective Order, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it.

3.   By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Central District of California for the sole purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

4. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____

SMRH:474946373.2