O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TD AMERITRADE HOLDING CORPORAITON, a Delaware corporation; TD AMERITRADE SERVICES COMPANY, INC., a Delaware corporation; HAVAS WORLDWIDE NEW YORK, INC., a Delaware corporation, <br><br> Defendants. | Case No. CV 15-05024 DDP (Ex) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> [Dkt. 95] |

Presently before the court is Plaintiff Lions Gate Entertainment Inc. ("Lions Gate")'s Motion for Reconsideration of the court's March 14, 2016 Order granting in part Defendants' Motion to Dismiss. Having considered the parties submissions and heard oral argument, the court adopts the following Order.

**I. BACKGROUND**

This Court has detailed the relevant factual background in its prior Order denying in part and granting in part Defendants' Motion

to Dismiss. (Dkt. 87.) In brief, this cases concerns claims of copyright and trademark infringement arising from Lions Gate's intellectual property rights in the movie *Dirty Dancing*. (First Am. Compl. ("FAC") ¶¶ 15, 22, 32.) In particular, the FAC focuses on the line "Nobody puts Baby in a corner," said by Patrick Swayze to Jennifer Grey in the final climactic scene of the film. (Id. ¶ 21.) The line is followed by a dance between the two main characters, which includes a moment where Swayze lifts Grey over his head (the "dance lift"). (Id.)

Lions Gate claims to own common-law trademark rights in DIRTY DANCING and NOBODY PUTS BABY IN A CORNER. (Id. ¶¶ 18-19.) According to Lions Gate, the latter mark is associated with *Dirty Dancing* the movie and is used in motion pictures, various items of merchandise, and other adaptations of the films. (Id. ¶¶ 23-24.) Lions Gate further alleges that it has applied for trademark registration in NOBODY PUTS BABY IN A CORNER "based on actual use of the mark for certain goods and on an intent to use the mark for the remaining goods identified in the applications."[1] (Id. ¶ 24.) Finally, Lions Gate claims that it has licensed the marks DIRTY DANCING and NOBODY PUTS BABY IN A CORNER for the "manufacturing, marketing, and sale of a variety of merchandise through approved licensees." (Id. ¶ 26.)

Defendants are related financial services organizations and an advertising agency hired to create a national advertising campaign for the financial organizations. (Id. ¶¶ 4-8; 30-31.) At the core

---

[1] Plaintiff his since obtained the registrations. (See Pietrini Decl. in Support of Plaintiff's Motion for Reconsideration, Ex. O.)

2

of this Motion for Reconsideration is one of the advertisements created for this campaign. The advertisement involves the line "Nobody puts your old 401k in a corner" and a depiction of a man lifting a piggy bank over his head. (Id. ¶ 32, 34.) The complaint also variously alleges that this phrase was used by Defendants as a "tagline" or an "adulterated tagline." (Id. ¶¶ 33, 34.) In addition to other causes of action, Lions Gate alleges that this line and the accompanying image give rise to a claim for trademark dilution under 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14247. (Id. ¶¶ 74-81.) Defendants responded with a Motion to Dismiss this and other claims alleged by Lions Gate raising personal jurisdiction and preemption arguments. (Dkt. 49.)

This Court denied in part and granted in part Defendants' Motion. (Dkt. 87.) With regard to the dilution claim, the court held that Lions Gate failed to state a claim under 12(b)(6). In reaching this conclusion, the court explained that elements of a dilution claim under both state and federal law are: "(1) the mark must be famous and distinctive; (2) the defendant must use the mark in commerce; (3) defendant's use must begin after the mark is famous; and (4) defendant's use must be likely to cause dilution, such as by (a) blurring or (b) tarnishment." (Dkt. 87 at 34 (citing Jada Toys, Inc. v. Matttel, Inc., 518 F.3d 628, 634 (9th Cir. 2007)).) The court also stated that these causes of action "require the defendant to be using a mark that is identical or nearly so to the plaintiff's mark." (Dkt. 87 at 34 (citing Jada Toys, 518 F.3d at 634).) The court held that Lions Gate had adequately alleged the mark NOBODY PUTS BABY IN A CORNER is famous and distinct, and was such before Defendants ever used it in their ads, thus satisfying

3

element (1) and (3). The court found, however, that Lions Gate did not allege that "Defendants use Plaintiff's mark, or a mark nearly identical to it, as the mark for Defendants' own goods – which would be an allegation that appears clearly contradicted by the facts of this case." (Id. at 35.) Thus, the court concluded that Lions Gate did not, and could not, allege that "Defendants have used the mark in commerce in the sense that the law requires" and dismissed the claim with prejudice. (Id.) Lions Gate now files a Motion for Reconsideration asking the court to revisit this particular determination.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of a final judgment or court order for any reason that justifies relief, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Central District of California Local Rule 7-18 further explains that reasons to support a motion for reconsideration include:

4

> (a) a material difference in fact or law from that presented to the Court . . . that . . . could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18. A motion for reconsideration may not, however, "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

**III. DISCUSSION**

### A. Clarifying the Prior Order

The primary basis for Lions Gate's Motion for Reconsideration is that the court relied on an outdated statement of law when resolving the trademark dilution claim. (Mot. Reconsideration 6-7.) As noted above, the court relied on the Ninth Circuit's decision in Jada Toys, Inc. v. Matttel, Inc., 518 F.3d at 634. In particular, the court stated that a trademark dilution claim "require[s] the defendant to be using a mark that is identical or nearly so to the plaintiff's mark." (Dkt. 87 at 34.) This was error. The Ninth Circuit has since explained that the Jada Toys opinion was based on an outdated statute and that, with the enactment of the Trademark Dilution Revision Act of 2006 (TDRA), a claim for trademark dilution no longer requires a showing "that the junior mark is identical, nearly identical or substantially similar to the senior mark." Levi Strauss & Co. v. Abercrombie & Fitch Trading Co., 633 F.3d 1158, 1172 (9th Cir. 2011).

The TDRA provides that

> the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark

5

        or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c)(1). In order to state a claim under this provision, a party must allege: "(1) that its mark is famous and distinctive, (2) that defendant began using its mark in commerce (3) after plaintiff's mark became famous and distinctive, and (4) that defendant's mark is likely to dilute plaintiff's mark." Visa Int'l Serv. Ass'n v. JSL Corp., 610 F.3d 1088, 1090 (9th Cir. 2010) (numbering added). There is no longer any requirement that the marks be identical or nearly identical. Aside from this change, the revised test for trademark dilution remains the same as the test articulated in Jada Toys. Compare Jada Toys, Inc. v. Matttel, Inc., 518 F.3d at 634 with Visa Int'l, 610 F.3d at 1090.

    Having clarified the appropriate test for evaluating a trademark dilution claim, the court turns to Lions Gate's contention that the court should reconsider its dismissal of Lions Gate's trademark dilution claim. Lions Gate argues that the court's prior decision was premised on the fact that Defendants' advertisement was not identical or nearly identical to Lions Gate's mark. Given that the identity of the marks is no longer a threshold requirement to state a claim for trademark dilution, the court's prior was erroneous and must be reconsidered. (Mot. 7.)

    Defendants respond that the court did not resolve Lions Gate's trademark dilution claim on the basis of any similarity, or lack thereof, between Lions Gate's mark and Defendants' advertisement tagline. (Opp'n 8-9.) Instead, Defendants assert that the court's decision was based on the lack of any allegation that Defendants

use the mark as a trademark for their own goods. (Opp'n 9.) It was on this basis the court concluded that Defendants did not appear to "use[] the mark in commerce in the sense that the law requires" and dismissed the claim. (Dkt. 87.)

Defendants correctly recognize that the new standard for trademark dilution does not alter the requirement that a potential infringer actually use "a mark or trade name in commerce." See 15 U.S.C. § 1125(c)(1); see also Ketab Corp. v. Mesriani & Assocs., No. 2:14-CV-07241-RSWL (MRW), 2015 WL 5050512, at *3 (C.D. Cal. Aug. 26, 2015) ("To state a claim for dilution of a famous mark, a plaintiff must show that . . . 2) the defendant is using a diluting mark 'in connection with' the sale of goods or services . . . ."). Defendants also correctly recognize that the court previously dismissed the trademark dilution claim for failure to adequately allege that the mark was used in commerce. However, the court's prior order was not particularly clear about the effect the lack of identity between the marks had on that determination. Moreover, the court recognizes Lions Gate's concern that the parties were not adequately aware that the court was considering dismissing the trademark dilution for failure to state a claim rather than on preemption grounds. (Mot. 7.) Rather than extrapolate from a single sentence in the prior order, the court will proceed to reexamine whether Lions Gate's trademark dilution claim survives the motion to dismiss in light of the fuller briefing submitted.

**B. Trademark Dilution Claim**

Lions Gate argues that it has alleged sufficient facts to show that Defendant used "a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment."

7

15 U.S.C. § 1125(c)(1). In addition to evidence previously presented to this Court, Lions Gate notes that emergence of additional evidence that Defendants admitted they "used the tagline 'Nobody puts your old 401k in a/the corner'." (Dkt. 88 ¶ 32.) According to Lions Gate, this "admission is the same as admitting that they used the phrase as a trademark or, at least, that it may have been recognized by consumers as a trademark." (Mot. 10.) According to Lions Gate, admitting the use of a slogan "as a tagline is tantamount to alleging that they used the phrase as a trademark." (Mot. 9.)

In support of their tagline-as-trademark argument, Lions Gate points to a dictionary that defines tagline as "a reiterated phrase identified with an individual, group, or product; slogan." (Mot. 10 n.1.) Lions Gate also submitted a trade publication that suggests the term "tagline" is commonly understood in the advertising industry to be associated with branding. (See Pietrini Decl. ¶ 4, Ex. C.) Further, Lions Gate notes that it is settled law that a slogan can receive trademark protection. (See Trademark Manual of Examining Procedures § 1213.05(b)(I); see also Roux Laboratories, Inc. v. Clairol Incorporated, 427 F.2d 823, 827-28 (C.C.P.A. 1970) (holding that the phrase "Hair Color So Natural Only Her Hairdresser Knows for Sure" is protectable as a trademark). In light of this, the question at the motion to dismiss stage is whether Lions Gate has alleged sufficient facts that Defendants were using the "Nobody puts your old 401k in a corner" phrase as a trademark. (Mot. 9-11.) To this point, Lions Gate notes that it alleged the phrase was part of a national advertisement campaign and that Defendants have previously sought trademark registration

8

of certain taglines and slogans used in other advertisement campaigns. (FAC ¶¶ 30-34; Mot. 11.)

Defendants do not challenge Lions Gate's claim that a slogan can be used as a trademark. Instead, they argue that this particular phrase did not present a case of "'using the trademark as a trademark, capitalizing on its trademark status.'" (Opp'n 9 (quoting <u>Avery Deniston Corp. v. Sumpton</u>, 189 F.3d 868 (9th Cir. 1999)).) In support, Defendants identify several cases where a particular phrase was not being used as a source indicator but instead to convey some sort of "'advertising or promotional information.'" (Opp'n 8-10 (quoting <u>In re Peabody Mgmt.</u>, 2005 WL 1787222, at *6 (TTAB 2005)); see also <u>Norm Thompson Outfitters, Inc. v. General Motors Corp.</u>, 448 F.3d 1293, 1297-98 (9th Cir. 1971) (holding that a slogan did not rise to the level of a mark where the "slogan appeared rather inconspicuously in comparison to the company name" and would not "cause the reader to associate the phrase with [the company]"); <u>Kassa v. Detroit Metro Convention & Visitors Bureau</u>, 117 U.S.P.Q. 2d 1317 (E.D. Mich. 2015) (holding that the phrase "Welcome to the D" was not used "to identify the source of any goods or services nor . . . in any way imply any connection between [plaintiff] and the events identified").)

Here, the relevant inquiry is to determine whether Defendants use the slogan "to identify, distinguish, or indicate the source of [the] goods or services." <u>Pinterest, Inc. v. Pintrips, Inc.</u>, 140 F. Supp. 3d 997, 1024 (N.D. Cal. 2015); see also <u>In re Peabody Mgmt.</u>, 2005 WL 1787222, at *6 ("It is well settled that when matter imparts an impression of conveying advertising or promotional information rather than of distinguishing or identifying the source

9

of the goods or services, it cannot function as a trademark or service mark."). Lions Gate alleges trademark rights in a famous mark. (FAC ¶ 28-29.) It further alleges that Defendants use a similar or adulterated version of Lions Gate's mark. (Id. ¶¶ 34, 35.) And while the Complaint primarily refers to the diluting mark as a tagline, the Complaint also states that Defendants use of the adulterated mark, "used alone and with other allusions to the motion picture, such as the Dance Lift and the reference to the song – has caused and is likely to cause people to falsely or incorrectly believe that Lions Gate has approved, licensed, endorses, sponsored, and/or authorized, or is associated with, TD Ameritrade's products and/or services." (Id. ¶ 35.) Given that the parties do not dispute a slogan can be used as a trademark and given Lions Gate's allegations that Defendants intended to use this phrase as part of branding campaign, the cause of action survives the Motion to Dismiss.

**IV. CONCLUSION**

For the reasons set forth above, the court GRANTS Lions Gate's Motion for Reconsideration and revises its prior Order to DENY Defendants' Motion to Dismiss Plaintiff's cause of action for trademark dilution.

IT IS SO ORDERED.

Dated: August 1, 2016

DEAN D. PREGERSON
United States District Judge